### In the Matter of Anthony Joseph CORIZZI.

### No. 49S00–0603–DI–104.

Supreme Court of Indiana.

May 17, 2006.

### ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed its *Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause* on March 21, 2006, advising that the respondent, Anthony Joseph Corizzi, was disciplined by the District of Columbia Court of Appeals and the Virginia State Bar Disciplinary Board. The Commission requests, pursuant to Ind. Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On April 3, 2006, this Court issued an *Order to Show Cause.* On April 4, 2006, respondent filed a response to which the Commission replied on April 11, 2006. On April 20, 2006, respondent requested an extension of time to respond further. This case is now before us for final resolution.

We now find that the respondent was admitted to practice law in Indiana on June 8, 1979. The District of Columbia Court of Appeals disbarred the respondent on July 25, 2002 and the Virginia State Bar Disciplinary Board revoked his license to practice in the Commonwealth of Virginia on September 27, 2002. Respondent was disbarred for suborning perjury, failing to advise a client of a settlement offer and making false statements to a court and to Bar Counsel.

We find further that, pursuant to Admis.Disc.R. 23(28)(c),[1] the respondent has failed to demonstrate why reciprocal discipline should not issue in this.

IT IS, THEREFORE, ORDERED that the respondent's request for an extension of time is denied and, that the respondent, Anthony Joseph Corizzi, is hereby sus-

---

1. Ind. Admission and Discipline Rule 23(28)(c) provides:

   (c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

   (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

   (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;

   (3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or

   (4) The misconduct established warrants substantially different discipline in this state.

   If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.

   (d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.

pended from the practice of law in this state. The respondent shall not be eligible to petition for reinstatement in this state pursuant to Admis.Disc.R. 23(4) until reinstated to the practice of law in the District of Columbia and the Commonwealth of Virginia or upon further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, to the clerk of the United States Court of Appeals for the Seventh Circuit, to the clerk of each of the United States District Courts in this state, to the clerks of the United States Bankruptcy Courts in this state, to the District of Columbia Court of Appeals, to the Virginia State Bar Disciplinary Board, and to all other entities pursuant to Admis.Disc.R. 23(3)(d), governing suspension.

All Justices concur.